IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAVIER REYES OTERO,

                Petitioner,

   v.

REED A. RICHARDSON,

                Respondent.

SUPPLEMENTAL
PROTECTIVE ORDER

14-cv-760-jdp

---

On September 26, 2016, this court signed the parties' jointly proposed protective order that strictly limits the dissemination, use and viewing of the video of a colposcopy examination relevant to this lawsuit. *See* dkt. 25. Subsequently, and pursuant to this court's September 23, 2016 order (dkt. 23) Children's Hospital and Health System, Inc. provided to the court ex parte and in camera a copy of the video, along with a request for even tighter restrictions on the dissemination and viewing of the video. *See* October 21, 2016 letter by Janet Dixon (Dkt. 28).

In response to this letter, the court held a telephonic status conference with counsel for both sides to get their input on the requested tighter restrictions. Some of the requested additional restrictions cannot be implemented without impairing the parties' ability to investigate and prepare this case. For instance, petitioner's medical expert, Dr. Suzanne Rotolo, now is located in Stanley, North Carolina (*see* dkt. 29) and will need to be provided with her own copy of the video in order to investigate and opine. Further, both attorneys indicated that at some point, they believe they will need to view the video in order to understand what their experts are telling them so that they may prepare and present their arguments to the court. In light of these concerns, the court will proceed incrementally, as set forth on the next page.

ORDER

It is ORDERED that:

(1) The September 26, 2016 Protective Order, dkt. 25, remains in full force and effect except as explicitly superseded by this supplemental order.

(2) Petitioner shall not view the video.

(3) Only the expert witnesses for each side may view the video absent further court order. The court shall provide each expert with a password-protected copy of the video, which shall not be copied.

(4) None of the attorneys, none of their staff, and none of their investigators or other assistants shall view the video absent further order of this court. This court will allow one attorney per side to view the video only if the expert witness for that side files a letter or affidavit explaining why–and persuading the court that–it is necessary for the attorney actually to view the video for preparation purposes rather than simply rely on the expert's explanation of what the video shows. Upon court entry of an order allowing an attorney to view the video, the court will provide a password-protected copy of the video to counsel.

(5) At the conclusion of proceedings in this court, the experts and the attorneys shall return to the court all copies of the video. The court will destroy all copies of the video but will keep one password-protected copy in the record under seal.

Entered this 15th day of November, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge